IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN CARIDAD,

   Plaintiff,      No. 2:13-cv-0638 KJN P

  vs.

OCTAVIO CARLOS LUNA, et al.,

   Defendants.     <u>ORDER</u>

_____/

   Plaintiff is a committed to Patton State Hospital as a Mentally Disordered Offender ("MDO"), and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

   Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

In his complaint, plaintiff alleges that defendants mishandled his civil commitment, violating his constitutional rights to parole. (Dkt. No. 1 at 1.) To the extent plaintiff is challenging his commitment to Patton State Hospital ("PSH"), his federal remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he exhausts state judicial remedies. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A civil rights action under Section 1983 is the proper vehicle to challenge conditions of confinement; a habeas corpus petition is the sole federal vehicle for challenging the fact or duration of confinement. Id. at 498-99. Civilly committed persons may pursue habeas relief under 28 U.S.C. Section 2254 to challenge their involuntary civil commitment. Duncan v. Walker, 533 U.S. 167, 176 (2001) (stating that a state court order of civil commitment satisfies Section 2254's "in custody" requirement); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005), cert. denied, 547 U.S. 1166 (2006) ("[D]etainees under an involuntary civil commitment scheme . . . may use a § 2254 habeas petition to challenge a term of confinement."); see also Hubbart v. Knapp, 379 F.3d 773 (9th Cir. 2004), cert. denied, 543 U.S. 1071 (2005) (adjudicating habeas challenge to civil commitment under California's Sexually Violent Predator Act); May v. Hunter, 451 F.Supp. 2d 1084 (C.D. Cal. 2006) (adjudicating habeas challenge to MDO commitment). Thus, plaintiff's sole remedy for invalidating his MDO commitment in federal court and obtaining release from PSH is a habeas petition.

To the extent plaintiff seeks damages, however, his action is also barred. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487. The Ninth Circuit has held that the "favorable termination" rule of Heck is not limited to Section 1983 claims that imply the invalidity of a plaintiff's criminal conviction or sentence, but applies equally to Section 1983

3

claims that imply the invalidity of a plaintiff's civil commitment. Huftile, 410 F.3d at 1140. The Ninth Circuit reasoned that "Heck' s favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus," and thus applies not only to prisoners, but to other persons who are "in custody" and thus have access to habeas relief. Huftile, 410 F.3d at 1139. Because civilly committed persons have access to habeas relief to obtain release from custody, Heck requires a civilly committed person to invalidate his civil commitment before pursuing a Section 1983 damages claim implying that his commitment is invalid. Huftile, 410 F.3d at 1140; see Hubbs v. County of San Bernardino, 538 F.Supp.2d 1254, 1264 (C.D. Cal. 2008) (Heck barred plaintiff's Section 1983 claims challenging probable cause determination in connection with his commitment as a sexually violent predator).

Plaintiff's allegations demonstrate that he is in custody under an MDO commitment, which, thus far, has not been invalidated.[1] In order to obtain damages for "unlawfully detaining [him] in custody," plaintiff must necessarily demonstrate that his civil commitment is invalid. (Id. at 6). Until plaintiff succeeds in invalidating his MDO commitment in state proceedings or by federal habeas petition, he may not pursue Section 1983 claims premised on its invalidity. Heck, 512 U.S. at 487.

Finally, the court notes that plaintiff included pages from his Case No. 2:03-cv-0154 EFB in the instant complaint. (Dkt. No. 1 at 26-27.) It appears that at least some of the instant claims were also raised in the previously-filed case, 2-03-cv-0154 EFB. Plaintiff is

---

[1] On June 27, 2001, plaintiff was convicted of arson, and was subsequently committed as an MDO, in Sacramento County Superior Court. (Dkt. No. 1 at 8.) Court records through CM/ECF reflect no applications for writ of habeas corpus have been filed by plaintiff in this district. Aside from the instant action, plaintiff has two other civil rights actions pending. Caridad v. Aguirre, et al., 2:13-cv-0154 EFB, and Caridad v. Nelson, et al., 2:13-cv-0283 AC. Sacramento County Superior Court records reflect that a petition to extend plaintiff's commitment was granted on January 5, 2012, and that another petition to extend plaintiff's commitment is presently pending. Index Search System, Superior Court of California, County of Sacramento, <https://services.saccourt.ca.gov/indexsearchnew/CaseType.aspx>, accessed April 5, 2013.

4

cautioned that he cannot challenge his civil commitment in separate actions.

Accordingly, plaintiff's claims must be dismissed.[2]  Although it appears unlikely that plaintiff can amend his complaint to cure the deficiencies set forth above, because plaintiff is proceeding without counsel, the court will grant plaintiff one opportunity to do so.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

---

[2] Because plaintiff's claims are clearly Heck-barred, or seek relief plaintiff can obtain only through a habeas petition, the court does not address the other deficiencies of the complaint.

1                3. Within thirty days from the date of this order, plaintiff shall complete the
2  attached Notice of Amendment and submit the following documents to the court:
3            a. The completed Notice of Amendment; and
4            b. An original and one copy of the Amended Complaint.
5  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
6  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
7  also bear the docket number assigned to this case and must be labeled "Amended Complaint."
8  Failure to file an amended complaint in accordance with this order will result in the dismissal of
9  this action.
10 DATED: April 8, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cari0638.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN CARIDAD,

      Plaintiff,                No. 2:13-cv-0638 KJN P

    vs.

OCTAVIO CARLOS LUNA, et al.,    <u>NOTICE OF AMENDMENT</u>

      Defendants.

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____    Amended Complaint

DATED:

                                 _____
                                 Plaintiff